ROBERT R. PRANN, demandante y apelante, *v.* FÉLIX BENÍTEZ REXACH, EL COMISIONADO DEL INTERIOR SR. GUILLERMO ESTEVES, LA JUNTA DEL PUERTO DE SAN JUAN Y LA JUNTA DE SUBASTA DEL DEPARTAMENTO DEL INTERIOR, demandados y apelados.

No. 6015.—*Sometido:* Junio 25, 1932.  *Resuelto:* Julio 6, 1932.

*Juan B. Soto,* abogado del apelante; *R. Buscaglia,* abogado del apelado Sr. Rexach.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La demanda original en este caso fué presentada el 27 de junio de 1929. Su última enmienda, que es la cuarta, fué presentada el 2 de marzo de 1931 y ha originado la sentencia que declaró sin lugar la demanda en cuanto a todos los demandados y de la cual apela el demandante.

Esa demanda ha sido interpuesta por Roberto R. Prann

y está dirigida contra Félix Benítez Rexach, contra el Comisionado del Interior don Guillermo Esteves y contra las personas que componen la Junta de Puerto de San Juan y la Junta de Subastas del Departamento del Interior de Puerto Rico. El demandado Benítez Rexach solicitó que fuesen eliminados ciertos particulares de esa demanda y la corte accedió a esa solicitud. Los otros demandados alegaron la excepción previa de que no aduce hechos determinantes de causa de acción y también fué sostenida por la corte de distrito recayendo después, a instancias del demandante, la sentencia apelada.

El demandado Benítez Rexach nos presentó moción para que desestimemos la apelación por no haberse notificado ese recurso a todos los demandados pero negamos la desestimación interesada fundándonos en que si bien la apelación no fué notificada a los demandados distintos de Benítez Rexach, la confirmación o revocación de la sentencia en lo que se refiere a Benítez Rexach no privaría a los otros demandados de ningún beneficio o provecho resultante de la sentencia en cuanto a ellos.

Después de esa resolución el apelado Benítez Rexach nos ha presentado otra moción de desestimación fundada en cinco motivos. El primero de ellos es que descartados de esta apelación sus codemandados por no haberles sido notificada la apelación resulta frívolo este recurso para el solo fin de determinar si es errónea o no la resolución de la corte inferior que ordena la eliminación de ciertos particulares de la cuarta demanda enmendada. En el segundo se alega que la resolución de esta apelación es académica porque a ningún fin práctico conduciría resolver si la orden de eliminación es errónea o no porque, aun siendo equivocada, este pleito no puede continuar por haber sentencia firme a favor de los otros demandados. Hemos agrupado estos dos moti-vos porque tienen alguna relación entre sí por referirse a las alegaciones de la demanda.

■ Aparece de la cuarta demanda enmendada que el Comisionado del Interior forma parte de la Junta del Puerto de San Juan: que como tal Comisionado y miembro de dicha junta publicó un anuncio de subasta para la construcción de un malecón de ribera en el puerto de San Juan al norte del caño de San Antonio, diciéndose que la Junta del Puerto se reservaba el derecho de rechazar cualquiera o todas las proposiciones que se hicieran y de adjudicar el contrato bajo otras consideraciones que la del precio solo: y que la Junta de Subastas encargada de resolver sobre las proposiciones presentadas para esa obra la adjudicó el 22 de mayo de 1929 al demandado Benítez Rexach para ejecutar las obras en término de un año, impartiéndole su aprobación el Comisionado del Interior. Contiene alegaciones de ambigüedad en el pliego de especificaciones para la obra; de que pudo obtenerse mejor precio para ella y otras más que no necesitamos especificar. El fin perseguido por esa demanda es que se declare nula la resolución de la Junta de Subastas adjudicando la ejecución de la obra a Benítez Rexach y también el proyecto de dicha obra, así como que Benítez Rexach devuelva a El Pueblo de Puerto Rico las cantidades que haya recibido y recibiera en virtud de esa adjudicación y contrato de obra.

Uno de los particulares que la corte inferior ordenó fuese eliminado dice así:

"Que las especificaciones de dicha obra, las cuales están contenidas en el susodicho pliego de condiciones facultativas, son ambiguas, obscuras, indefinidas e insuficientes para informar debidamente al público y a los que deseen presentar proposiciones para dicha obra, las verdaderas condiciones y los verdaderos términos del contrato objeto de tal subasta, y para asegurar justa competencia, bajo términos iguales a los que deseen o hubieren deseado competir como postores en dicha obra; conteniendo dichas especificaciones varios párrafos en su artículo 7 y un párrafo en su artículo 23, en los cuales al contrario de lo que se alega en el hecho 5 de esta demanda que ha sido manifestado por el Comisionado del Interior de Puerto Rico, se hace

constar que no se pagará ningún relleno hecho con material dragado o excavado de la trinchera que se abra para la construcción del referido malecón *bulkhead pier* que se encuentre dentro de los límites señalados para el depósito de dicho material."

Con la demanda no se acompañó el pliego de especificaciones a que se refiere esa alegación ni sus términos aparecen en ella por lo que toda esa alegación no contiene otra cosa que conclusiones a que el demandante ha llegado respecto de dicho pliego y por tanto era procedente su eliminación.

■ La alegación octava está en las mismas condiciones que la sexta pues dice así:

"Que la obscuridad, ambigüedad e insuficiencia de dichas especificaciones tienden a limitar, y han limitado, el número de postores y las proposiciones para la construcción de la obra aludida, y, con perjuicio de los intereses del Pueblo de Puerto Rico, y particularmente de los contribuyentes al Tesoro Insular, privan de justa competencia bajo términos iguales a cuantos deseen o hubieren deseado competir como postores en dicha obra."

Lo mismo puede decirse del siguiente particular eliminado de la alegación décimasexta, que copiamos:

". . . ; y que la ejecución de dicha obra por el demandado Félix Benítez Rexach, en virtud de la adjudicación de dicho contrato, perjudica y lesiona los intereses del Pueblo de Puerto Rico en general, y los del demandante, como contribuyente, en particular."

De lo expuesto se llega fácilmente a la conclusión de que siendo tan clara y sostenible la resolución objeto de la apelación en cuanto a Benítez Rexach resulta frívolo continuar este recurso.

■ También resultaría académica la continuación de esta apelación, porque estando supeditada la devolución del dinero que se solicita del apelado Benítez Rexach a que se declaren nulos ciertos actos del Comisionado del Interior por el contrato de adjudicación de la obra y siendo firme en cuanto a los codemandados con Benítez Rexach la sentencia que declaró que contra ellos no existe causa de acción, no

será posible continuar este pleito y decretar dichas nulidades sin intervención de todas las personas que en tales actos y contratos intervinieron.

*Por lo expuesto la apelación debe ser desestimada.*